WEST INDIA OIL Co., Plaintiff and Appellee, *v.* J. DIEGO TORMOS and LUIS A. TEISSONNIERE, Defendants and Appellants.

No. 4114.  Argued March 16, 1927.—Decided April 28, 1927.

*López de Tord & Zayas Pizarro* for the appellants.  The appellee did not appear.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The West India Oil Co., a corporation authorized to do business in Porto Rico, sued J. Tormos Diego and Luis A. Teissonniere, doing business under the name of Tormos & Teissonniere, to recover $2,011.80 for gasoline, kerosene, oil and other articles sold by the plaintiff to the defendants.

On March 17, 1925, defendants Tormos & Teissonniere appeared by attorney F. Manuel Toro and filed a demurrer alleging that the complaint did not state sufficient facts to constitute a cause of action.  Thereafter a motion was filed

signed by attorneys López de Tord and Zayas Pizarro asking to be considered as attorneys of record for defendant Teissonniere.

May 4, 1925, was set for the hearing on the demurrer and it was overruled on the 7th of the same month, of which decision notice was given to attorneys López de Tord, Zayas Pizarro and F. Manuel Toro.

On May 18th the complaint was answered by defendant Teissonniere, "as partner of Tormos & Teissonniere," by his attorneys López de Tord and Zayas Pizarro with a general denial of all and each of the allegations of the complaint.

Immediately after this there appears in the transcript a copy of a motion which reads:

"The defendant now represented by its managing partner J. Tormos Diego appears before the Hon. Court and respectfully moves that a judgment be rendered for the plaintiff because the amount claimed in the complaint is true.

"Ponce, P. R., March 30, 1926.

"(Signed)   J. Tormos Diego."

The case was tried on May 14, 1926, the witnesses for the plaintiff being Oscar Rocafort and Francisco Montaner, Jr., and judgment was rendered against the defendants on August 2, 1926.

On August 30th "the defendant in this case, Tormos & Teissonniere, by their partner Luis Antonio Teissonniere," appealed from the judgment, and afterwards assigned in the brief five errors. The plaintiff-appellee filed no brief and did not appear at the hearing on appeal.

In the first assignment of error the appellants refer to a motion for nonsuit which the record does not show to have been filed, unless by that is meant the statements of the attorney for the defendants praying for a dismissal of the complaint for failure to show the personality of either the plaintiff or the defendants, after having stated, "We have no evidence." The same point of the failure to show the

personality of the parties is raised in the second assignment of error.

We agree with the appellants that it is a well established rule that ''a general denial puts in issue every fact included within the allegations of the petition which the plaintiff is bound to prove in order to recover'' (21 R.C.L. 566), or as stated in 31 Cyc. 195, ''a general denial under the codes raises an issue as to each one of the material allegations of plaintiff,'' but we do not agree that they have failed to prove here the personality of the parties.

At the trial Oscar Rocafort testified that he was the ''manager of the West India Oil Co. in Ponce,'' and that the ''firm of Tormos & Teissonniere, or they individually, had business transactions with the West India Oil Co.,'' that ''they used to get for sale gasoline, oil, that is to say, kerosene and all its products,'' that ''they (the defendants) received a monthly statement; in that statement they have to say whether they have received the goods therein stated and they always gave their full assent,'' that he talked personally with Teissonniere and Tormos in connection with the matter and that they said to him ''well, that they owe us that amount and that they wish to pay us.'' Similar testimony was given by witness Francisco Montaner, Jr., an employee of the West India Oil Co.

The testimony of both witnesses was believed by the court. It was not controverted by the defendants. · And it shows that the defendants are estopped from denying the existence of the plaintiff because the defendants had with the plaintiff not one but· several transactions which resulted in the final debt whose recovery is sued for in this action.

As to the personality under which Tormos and Teissonniere were sued, they themselves acknowledged it expressly in the different documents which we have mentioned and therefore they relieved the plaintiff from the obligation to prove it at the trial.

The ground for the third assignment is that the court

gave probatory value to the testimony of Rocafort notwithstanding it appeared therefrom that he had no direct knowledge of the facts to which he referred.

Although Rocafort testified that at the time the goods were bought he was not "manager" in the office of the plaintiff in Ponce, it is a fact that he testified also without objection that "these gentlemen," the defendants, "had had an account opened by me before I left . . . . and my successor was acting with the same powers as I," and that his testimony was based on the books of the plaintiff.

The fourth error alleged to have been committed by the trial court is in having given credence to the testimony of witness Montaner, since he did not participate in the transaction.

His testimony shows otherwise. It will be sufficient to transcribe the following therefrom: "As they, the defendants, took kerosene and its products, that is to say, gasoline, oil and lubricating greases, to be retailed in their garage in Comercio St. . . . At that time Mr. Davis and I were personally in charge of the office of the plaintiff."

The fifth and last assignment of error is as follows:

"The District Court of Ponce erred in sustaining the complaint notwithstanding that the plaintiff had not proved the sale and delivery of the goods by reason of which the debt had been incurred, the judgment rendered therein being contrary to the evidence and the law."

The evidence introduced at the trial was indeed the least that could be presented in a case of a similar nature, probably due to the confidence that the plaintiff had in its case after the acquiescence of one of the partners; but as the court gave full credence to the testimony of the two witnesses for the plaintiff, which was not controverted by defendant Teissonniere, it can not be held that the judgment rendered was contrary to the evidence and the law.

The appeal must be dismissed and the judgment affirmed.